## REED vs. BEACH.

ATTACHMENT. A claim for the recovery of three times the amount of unlawful or usurious interest received, is not an indebtedness arising out of, founded upon or sounding in contract, and cannot be proceeded upon by attachment.

ERROR to the District Court for *Rock* County.
The case is stated in the opinion of the court.
*David Noggle*, for plaintiff in error.
*J. M. Keep*, for defendant in error.

MILLER, J.   The plaintiff in error brought suit against the defendant in error by attachment.   The claim of the plaintiff is for excessive interest, according to and in pursuance of the statute against usury.   The defendant appeared by counsel; and upon motion the attachment was quashed and suit dismissed, on the ground that the claim was not a debt founded upon contract, in contemplation of the attachment law.   Usury is punishable differently in different States.   In some an indictment is authorized; in others an action of debt for the amount of the forfeiture is allowed; in others an action of assumpsit is the means of enforcing the statute remedy.   In some States the debt is forfeited, in others the amount of the debt is recoverable as a penalty; in others three times the excess of interest is the forfeiture.   In some States the action is *qui tam ;* in others the party aggrieved sues for and recovers the whole forfeiture.

By the second section of the statute of Wisconsin relating to interest, the person taking or receiving usurious interest shall forfeit three times the amount of the excess, to be recovered by an action of assumpsit.   This is made a penalty of forfeiture for the commission of an illegal act, made so by statute, as well as the means of enforcing and collecting it.   The legislature might just as well have authorized a *qui tam* action in debt or an indictment, as

Reed vs. Beach.

an action of assumpsit. In principle there is no essential difference, and in practice the same technicality in the pleadings, and the same certainty in the evidence, are required in an action of debt or assumpsit as in a proceeding by indictment.

To authorize an attachment in any case, the defendant must be indebted to the plaintiff in a cause of action arising out of, founded upon or sounding in contract. The cause of action in this case is clearly not a debt or claim arising out of a contract made and entered into between the parties according to law, and upon the principles of fair dealing between man and man ; but it arises out of a contract made and entered into in violation of law and contrary to a statute, and is the penalty of forfeiture created by the statute itself for such violation or infraction of it. When the contract of loan was made the defendant did not directly or indirectly promise to pay to the plaintiff three times the excess of interest. The nature and amount of the plaintiff's demand must be set forth in the affidavit, required by the statute to be presented to the judge, for the allowance of an attachment. And to authorize him to allow the writ, there must be set forth such a debt in the affidavit as is contemplated by the statute and no other. If the debt is not of that character, the writ is issued erroneously and it becomes the duty of the court to quash it upon motion.

We are therefore of opinion that the debt or claim, in the affidavit filed in this case, is not such as is contemplated or required by the statute, and that the court decided correctly in quashing the writ and dismissing the suit upon motion. Let the judgment of the district court be affirmed.